IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JONATHAN M. GILLISPIE,** | ) | CASE NO. 1:22 CV 493 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **RALPH M. GILLISPIE,** *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Jonathan M. Gillispie filed this action against his parents Ralph Gillispie and Carmen Gillispie. Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

  **I.**  **Background**

  Plaintiff's one-page Complaint does not assert legal claims and does not indicate the relief he is seeking from the Court. He alleges that his parents refused to supply information needed to complete financial aid applications when he was applying to colleges, and that they provided him with an incorrect social security number. He also contends they took stipend money he received through a college internship program and would not give him access to the account into which the

money was deposited. Plaintiff appears to have been a minor at the time because he states he was removed from the internship when he reported to the college that he had changed high schools.

## II. Law and Analysis

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

To meet the minimum federal notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although Plaintiff provides factual allegations, he does not identify any legal claim he seeks to assert against the Defendants. A court would exceed its role if it were to construct claims for a litigant and then proceed to test whether the asserted facts fit that claim or claims. Because Plaintiff has not identified any legal claim and none are apparent on the face of the Complaint, Plaintiff fails to meet the minimum notice pleading requirements of Federal Civil Procedure Rule 8.

Furthermore, while the Court is sympathetic to the financial and familial difficulty referenced in the Complaint, it takes notice that this is the fourth case Plaintiff has filed regarding the difficulty he has experienced in obtaining financial assistance to attend college. *See Gillispie v. Gillispie*, No. 1:21 CV 2251 (N.D. Ohio Jan. 31, 2022); *Gillispie v. Georgia Institute of Technology*, No. 1:22 CV 0025 (N.D. Ohio Mar. 22, 2022); *Gillispie v. Georgia Institute of Technology*, No. 1:22 CV 492 (N.D. Ohio May 26, 2022). The district judges in the first two cases considered Plaintiff's complaints and determined that he did not assert a viable cause of action against either his parents or Georgia Institute of Technology. *See Gillispie v. Gillispie*, No. 1:21 CV 2251 (N.D. Ohio Jan. 31, 2022); *Gillispie v. Georgia Institute of Technology*, No. 1:22 CV 0025 (N.D. Ohio Mar. 22, 2022). Since then, he filed this case against his parents and another case against Georgia Institute of Technology, alleging the same facts as he did in the prior actions. *See Gillispie v. Georgia Institute of Technology*, No. 1:22 CV 492 (N.D. Ohio May 26, 2022). The district judge in the latter case also concluded that Mr. Gillespie failed to assert a viable cause of action. *Id.*

Thus far, the Court has granted Plaintiff *in forma pauperis* status in each of the aforementioned cases, but there comes a point when the Court can no longer allow Plaintiff to continue with this pattern at taxpayer expense. The Sixth Circuit has made clear—proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10-CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Levy v. Macy's,*

*Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010).

Plaintiff is cautioned that if he files another action similar to his previously dismissed lawsuits referenced herein, without providing a well-supported factual and legal basis, the Court may deny his Application to Proceed *In Forma Pauperis*. In addition, the Court may require him to pay the full filing fee to proceed with the action and may impose sanctions including a permanent injunction prohibiting him from proceeding *in forma pauperis* in the future or enjoining him from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

### III. Conclusion

Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

SO ORDERED.

/s David A. Ruiz
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: June 29, 2022